## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------------X

**DEVINIA RIGGINS**

Civil Action No.

PLAINTIFF

v.

COMPLAINT

**WORKNET OCCUPATIONAL MEDICINE and
SELECT MEDICAL CORPORATION**

**Trial by Jury**

DEFENDANTS

-----------------------------------------------------------------X

Plaintiff, Devinia Riggins, by and through her attorneys, Derek Smith Law Group, PLLC, upon information and belief, complains against Defendants as follows:

## **INTRODUCTION**

1. Plaintiff Devinia Riggins, had a statutory and constitutional right to a workplace free from discrimination because of race, color, and sex. The Defendants has actual knowledge of the severe and pervasive sex-based and race/color-based harassment to which Plaintiff was subjected, created a hostile environment when they failed to appropriately address the harassment.

By acting with deliberate indifference to that knowledge, Defendants of her Constitutional Rights in violation of Title VII of the Civil Rights Act of 1964 as more fully set forth herein.

2. Plaintiffs also seeks to remedy violations of the laws of Pennsylvania State and Pennsylvania Common law to redress the injuries Plaintiffs have suffered as a result of being harassed and discriminated against on the basis of her sex/gender, and race/color or making complaints about such discrimination.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, 1343 and 2201, which gives district court's jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

4. This court has jurisdiction in that this action involves a Federal Question.

5. This Court has supplemental jurisdiction under 28 U.S.C. §1367.

6. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of

all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), since Defendant Select Medical Corporation does business in Mechanicsburg, Pennsylvania and Defendant Worknet Occupational Medicine does business in Philadelphia, Pennsylvania, is located in this judicial district and all or a substantial part of the events which give rise to the claim herein occurred in this district. Defendant Select Medical Corporation is a domesticated Foreign Corporation that Plaintiff believes operates by and through Defendant Worknet Occupational Medicine.

## **PARTIES**

8.  Plaintiff Devinia Riggins is an African American female.

9.   Defendant Select Medical Corporation is Select Medical Corporation is located in Mechanicsburg, PA, United States and is part of the Rehabilitation Therapy Services Industry. Select Medical Corporation has 29,900 total employees across all of its locations and generates $5.08 billion in sales (USD). There are 2,203 companies in the Select Medical Corporation corporate family.

10. At all times material, Plaintiffs was a resident of the County Bucks, in the Commonwealth of Pennsylvania, in the Eastern District of Pennsylvania.

11. At all times material, Plaintiff was an employee of the Defendants.

## APPLICABLE LAW AND POLICY

12. This is an action seeking damages to redress the injuries Plaintiff has suffered, and continues to suffer, as a result of unlawful employment discrimination and retaliation by Defendant against Plaintiff in violation of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and to remedy violations of the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA").

Plaintiff further seeks relief due the defendants, pattern, and practice of employmentdiscrimination, both intentional and systematic, on the basis of Race.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. On May 11, 2021, Plaintiff dual filed a Charge of Discrimination (Charge No. 533-2021-01385) with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC).

13. On July 9, 2021, Plaintiff received a Notice of Right to Sue from the EEOC in response to his Charge of Discrimination. The PHRC has yet to issue a response and is named here to preserve Plaintiff's ability to Amend the Complaint at the time of PHRC ripeness.

## STATEMENT OF FACTS

14. Plaintiff, Devinia Riggins (Hereinafter referred to as "Riggins") is an individual Black female who is a resident of the Commonwealth of Pennsylvania.

15. Defendant Select Medical Corporation (Hereinafter referred to as "SMC") is a Delaware Corporation that is headquartered in Mechanicsburg, Pennsylvania.

16. Worknet Occupational Medicine (Hereinafter referred to as ""Worknet"), is a division of Select Medical Corporation.

17. At all times material, Defendants were joint employers of Plaintiff.

18. Around July 2015, Plaintiff was hired by Defendants as a Senior Patient Representative/Medical Assistant by Defendants.

19. In 2018 the discriminatory conduct began when Manager Jane Fellenz stated that Plaintiff could not have a hair color that was orange, at the work because it did not correspond with Select Medicals Conduct. Plaintiff's hair

color was not orange it was "light Red brown."  Fran (Director of

Operations) apologized on behalf of Jane Fellenz. Plaintiff had never

presented with any workplace documentation concerning hair color. Plaintiff

believed that the hair-color comment was directly related to being African

American.

20. In or around February 23, 2021, Plaintiff had a conversation with a

coworker, Natalie Criniti about a show called "Your Honor on HBO".

Plaintiff explained to Natalie that the show was about, race, white collar

crime, and an African American man being falsely accused of a murder that

he did not commit.

21. Jane Pungitore (co-worker) yelled in the open work setting "why does

everything always have to be about race". Plaintiff responded, "I'm not sure

why your being defensive but I'm only speaking about a show." Manager

Stefanie Daniels came out of her office and directed Plaintiff to stop all

conversations about Race in the workplace and that Plaintiff needed to be

silent as to her feelings about racism.

22. Plaintiff told Daniels that it was improper for an African American woman

to be directed to stop talking about racism while in the workplace.

23. Coworker Natalie stated "Devinia let's not talk about you being black so

that you do not get in trouble."

24. Stefanie retaliated against Plaintiff's opposition to racism when she began to micromanage Plaintiff. Once Plaintiff clocked out for lunch Stefanie stated that per Human Resource's request, she will be sending Plaintiff home with pay because "sticking up for yourself as a Black Woman, was a disruption in my workplace, causing front end staff and patients to be uncomfortable". This action was further evidence of retaliation and discrimination based upon race.

25. Plaintiff requested a meeting with Human Resources through Stefanie who confirmed that she would email the HR Representative and let Plaintiff know when she could meet with the Representative.

26. Stefanie stated that she has worked with "black people" her entire career and had never had an issue with discrimination at her workplace.

27. Plaintiff asked Stefanie why she was being sent home and not the other young lady who started the issue. Stefanie responded, "because you (Plaintiff) was angry and was the only one who made the front office feel unsafe".

28. On February 23, 2021, at 6:34pm, Plaintiff received a text message from co-worker Jane Pungitore that stated "Devinia I don't want to fight with you it just makes me upset bc I am not a prejudiced and you know that. I don't want to fight with you about this."

29. On February23, 2021 at 6:40pm Plaintiff texted Stefanie and asked, "When will my discussion with HR be"? Plaintiff received no response.

30. On February 24, 2021, Plaintiff requested an update from Stefanie as to the meeting with Human Resources. Plaintiff was told that "it was not a good time to discuss the matter and Plaintiff should not discuss racial issues at the workplace until a discussion with HR is conducted."

31. Plaintiff was wrongfully terminated by Defendant on March 16, 2021, Defendant claims that her termination was due to Jane Pungitore feeling uncomfortable working alongside Plaintiff. The Defendant ignored Plaintiff's complaints of racial discrimination, Hostile Work Environment and disparate treatment.  The Caucasian co-worker's complaint were immediately responded to and resulted in the wrongful termination of Plaintiff.

32. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

33. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain,

humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

34. Plaintiff has further experienced and continues to experience severe emotional and physical distress.

35. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

36. Plaintiff claims that Defendant unlawfully discriminated against Plaintiff because of her race, and ethnicity, and because she complained or opposed the unlawful conduct of Defendants related to the above protected classes.

37. Plaintiff claims a continuous practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

38. Plaintiff further claims constructive and/or actual discharge and also seeks reinstatement.

39. Should Plaintiff be unlawfully terminated Plaintiff seeks reinstatement.

40. The above are just some examples of some of the unlawful discrimination and retaliation to which Defendants subjected Plaintiff on a continuous and on-going basis throughout Plaintiff's employment.

41. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

42. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

43. As a result of Defendants' conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

44. Plaintiff further claims aggravation, activation and/or exacerbation of any preexisting condition.

45. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

46. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

47. Plaintiff claims that Defendants unlawfully discriminated against and terminated Plaintiff because of her color/race because she complained of and opposed the unlawful conduct of Defendants related to the above protected class.

48. Plaintiff claims constructive and/or actual discharge

49. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

50. The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff to on a continuous and on-going basis throughout Plaintiff's employment.

51. The Defendants' have exhibited a pattern and practice of not only discrimination but also retaliation.

52. Plaintiff claims alternatively that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors. Furthermore, in such case, Plaintiff claims that Defendants owed and breached its duty to Plaintiff to prevent the harassment, discrimination, and retaliation and is liable therefore for negligence.

**FIRST COUNT**
**FOR DISCRIMINATION UNDER TITLE VII**
**AGAINST DEFENDANT**

61. Plaintiff repeats and realleges each allegation made in the above paragraphs of this complaint.

62.     Title VII states in relevant parts as follows: § 2000e-2. [Section 703](a) Employer Practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

63.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of his race and color.

**SECOND COUNT**
**FOR DISCRIMINATION UNDER TITLE VII**
**AGAINST DEFENDANT**

61.     Plaintiff repeats and realleges each allegation made in the above paragraphs of this complaint.

62.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

a.  "(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted

or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

63.   Defendants, retaliated against Plaintiff because she opposed and reported Defendants' unlawful employment practices.


### THIRD COUNT
### FOR DISCRIMINATION UNDER STATE LAW
### AGAINST DEFENDANTS

64.   Plaintiff repeats and realleges each allegation made in the above paragraphs of this complaint.

65.   The PHRA § 955(a) provides that it shall be an unlawful discriminatory practice:

a.  "For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

66.    Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her race and color.

67.    Plaintiff hereby states her claim against Defendants under all applicable paragraphs of the PHRA § 955.

68.    Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of his employer.


**FOURTH COUNT**
**FOR AIDING & ABETTING UNDER STATE LAW**
**AGAINST DEFENDANTS**

69.    Plaintiff repeats and realleges each allegation made in the above paragraphs of  this complaint.

70.    PHRA § 955(e) provides that it shall be an unlawful discriminatory practice:

a.    "For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or

indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

71.   Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

**FIFTH COUNT**
**Hostile Work Environment and Harassment**
**Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.**
**AGAINST DEFENDANTS**

72.   Plaintiff incorporates by refence the foregoing paragraphs as if set forth at length herein.

73.   Defendants are an employer under 42 U.S.C. §2000 et seq as they engage in an industry affecting commerce and have 15 or more employees for each working day of 20 or more calendar weeks in the current or preceding calendar year.

74.   Plaintiff is a person and has a protected class in being African American.

75.   Under 42 U.S.C.§2000e-2 it shall be unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

76.     Defendant by and through Plaintiff's supervisors made remarks about Plaintiff, treated Plaintiff disparately by way of conduct motivated by discriminatory animus as set forth in the Material Facts which have been incorporated into this Cause of Action.

77.     The disparate treatment was clearly discriminatory based upon race and color.

78.     The disparate treatment caused a hostile work environment for Plaintiff as the treatment had an actionable impact on Plaintiff's ability to work.

79.     Plaintiff's complaints about his treatment were reported to his supervisors and in accordance with the Defendants procedures.

80.     Defendant failed to address Plaintiff's complaints of discrimination fairly and properly.

81.     As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

**82.**    Defendant's actions were willful and wanton and thus require imposition of Punitive Damages.

**SIXTH COUNT**
**DISPARATE TREATMENT**
**CIVIL RIGHTS ACT OF 1964, 42 U.S.C.§2000e et. seq.**
**AGAINST DEFENDANTS**

83. Plaintiff incorporates by reference the foregoing paragraphs as set forth at length herein.

84. Defendants discriminated and disparately treated Plaintiff, by and through its officers, managers, and supervisors as follows:

    i.  Disparate discipline.

    ii.  Disparate scheduling.

    iii.  Disparate training and pay.

    iv.  Constructive discharge

    v.  Disparate criticism of work performance where similarly situated non-African Americans were not subject to the same, and

    vi.  Other treatment that was wrongful and disparate on the base of race/color.

85. As a direct and proximate result of Defendants discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages,

pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

86. Defendants, actions were willful and wanton and thus require imposition of Punitive Damages.

87. Alternatively, as Defendants considered Plaintiff 's race in the foregoing discrimination, Plaintiff is entitled to a charge of mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.


**SEVENTH COUNT**
**RETALIATION**
**Civil Rights Act of 1964, 42 U.S.C.§200e et. seq.**
**AGAINST DEFENDANT**

88. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

89. Defendant DEFENDANTS retaliated against Plaintiff for making a complaint of discrimination.

90. The temporal proximity between Plaintiff's complaint and termination raises an inference that the termination was retaliation, such that no further evidence of retaliation is necessary.

91. As a direct and proximate cause of Defendant's discrimination, Plaintiff suffered loss of wages including loss of back pay, loss of front pay, loss of

amenities of employment, out of pocket expenses, emotional damages and harms, all of Plaintiff's great detriment.

92.   Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

93.   Defendants considered Plaintiff's protected class in deciding to disparately treat and/or terminate Plaintiff resulting in mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of attorney's fees.

**EIGHTH COUNT**
**Discrimination, Disparate Treatment, Hostile Work Environment, Retaliation**
**Pennsylvania Human Relations Act, 43 P.S. §951 et. seq.**
**AGAINST ALL DEFENDANT**

94.   Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

95.   Defendant is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania and because Defendant resides in Pennsylvania.

96.   Plaintiff is protected under the Pennsylvania Human Relations Act and has the protected class of being African American (race) and color (black).

97.   Defendant subjected Plaintiff to harassing, hostile work environment, disparately treated Plaintiff, retaliated against Plaintiff and otherwise discriminated against Plaintiff, all on the basis of race and color as alleged.

98.   As a direct and proximate cause of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harm, all to Plaintiff's great detriment.

99.   Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

**NINTH COUNT**
**Vicarious Liability**
**AGAINST DEFENDANT**

100.   At all times material, Defendant DEFENDANTS employed all other individual Defendants named in this matter.   DEFENDANTS is vicariously liable for all actions of the individual Defendants as well as any other employees who may have contributed to the harm caused by the discrimination hereinbefore described

**TENTH COUNT**
**FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981**
**(AGAINST ALL DEFENDANTS)**

101.   42 U.S. Code § 1981 - Equal rights under the law states provides:

a. "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

b. "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

c. "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

102. Defendants constantly enforced a purposefully discriminatory pattern and practice of depriving African American individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

103. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided

substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

104.   As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

105.   Defendants violated the above and Plaintiff suffered numerous damages as a result

106.   Plaintiff makes a claim against Defendants under all applicable paragraphs of 42 U.S. Code § 1981.

107.   Plaintiff claims Defendants both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 USC 1981.


## <u>JURY DEMAND</u>

**WHEREFORE**, Plaintiff demands judgement against the Defendants, jointly, severally, or in an alternative amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, back and front pay,

punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and

disbursements of action; and for such other relief as the Court deems just and proper.

                              DEREK SMITH LAW GROUP, PLLC
                              By:/s/Scott E. Diamond
                                 SCOTT E. DIAMOND, ESQ.
                                 Attorney for Plaintiff

Dated: 9/2/2021